*Thomas Hill junior, Elias M’Intire and Joseph Tetrick were indicted in the circuit superiour court of Harrison county, for an assault and battery upon William Nay. The indictment was found “ upon the information of William Nay of said county of Harrison, labourer, sworn and sent to the grand jury to give evidence, at his own request, as prosecutor on the part of the commonwealth. ” After pleading not guilty to the indictment, the defendants obtained a rule on the prosecutor, to shew cause why he should not give security for costs, upon an affidavit by one of the said defendants, stating that the said prosecutor did not own real or personal estate -sufficient to pay the defendants their costs, should they be acquitted ; that he was unmarried, and obtained a support by occasional daily labour in the neighborhood. The rule being returned executed, the defendants moved the court to make the same absolute, unless the prosecutor should prove to the satisfaction of the court, that he had estate sufficient to pay the costs of the defendants in the event of their recovering a judgment for them, or should give security for the payment of such costs. The attorney for the commonwealth offered to shew cause against the rule, that the assault and battery charged against the defendants was of a highly aggravated nature. Whereupon the court, with the consent of the defendants, adjourned to the general court, for novelty and difficulty, the following questions : 1. Whether, under the 66th section of the act regulating criminal proceedings against free persons, 1 Rev. Code, ch. 169, p. 615, the insolvency or inability of the prosecutor to pay the costs is of itself sufficient cause for compelling him to find security for such payment, and, upon failure to do so, for dismissing the indictment with costs ? 2. Whether the circumstances connected with the charge, shewing it to be aggravated or otherwise, ought to be examined by the court, in order to determine whether it is such a case as the public -*interest should require to be prosecuted, although the prosecutor may be unable to pay the costs ?
The general court decided, in answer to the' questions adjourned,
That under the 66th section of the act referred to, if the prosecutor be insolvent or unable to pay the costs,that is, ordinarily,good cause for ruling him to find security for such payment: but that, in the exercise of this authority, the court ought to have a regard to the character of the prosecution ; and if, in its opinion, public justice requires that the prosecution should proceed, the court may, in the exercise of a sound discretion, refuse to dismiss the indictment, although the prosecutor be insolvent, and security for costs be not given ; and that it would be a good ground for refusing to dismiss an indictment, although the prosecutor be insolvent, if, in the opinion of the court, it would ex officio have directed a prosecution to be instituted.